**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| TONY A. HICKMAN, | ) | |
| ADC # 090793 | ) | |
|     Petitioner, | ) | **Case No. 5:12-CV-00309 SWW-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Tony A. Hickman (Doc. No. 1).  A response was filed by Respondent Ray Hobbs on October 17, 2012 (Doc. No. 9).  Petitioner filed a reply on November 13, 2012 (Doc. No. 10).   After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner was convicted of first-degree battery and aggravated assault on April 25, 2011, and he was sentenced to 540 months' imprisonment.  His trial counsel filed a notice of appeal on May 4, 2011, but Petitioner also filed a *pro se* petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure on the same day.   On May 27, 2012, the circuit court dismissed the Rule 37 petition as untimely because state law prohibited pursuit of postconviction

relief and a direct appeal at the same time.

Petitioner voluntarily dismissed his direct appeal on July 12, 2011.  On February 2, 2012, Petitioner filed a *pro se* motion to correct an illegal sentence, but it was denied as untimely because it was filed more than six months after he dismissed his direct appeal.  He appealed the denial to the Arkansas Supreme Court, but the decision was affirmed. *Hickman v. State*, 2012 Ark. 359.

### Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, arguing that 1) he received ineffective assistance of both trial and appellate counsel, 2) there was prosecutorial misconduct, 3) one of the witnesses gave perjured testimony, 4) various state agents colluded to cause his postconviction relief to be untimely, and 5) the circuit court improperly dismissed his Rule 37 motion and his illegal-sentence motion.  Respondent contends that Petitioner's claims are time barred and procedurally defaulted.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The relevant starting date occurred on July 12, 2011, the date Petitioner dismissed his direct appeal. Thus, he was required to file his petition for federal habeas corpus by July 13, 2012. *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).  It was not filed until August 13, 2012.  Petitioner's postconviction motions did not toll the limitations period because they were not timely.

Petitioner appears to argue that the limitations period had not expired by August 13, 2012, because it should have been tolled by his filing a second Rule 37 petition. *See*

28 U.S.C. § 2244(d)(1)(C) ("The limitation period shall run from . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed . . . ."). He alleges that this second petition was redacted and hidden by the State Prosecutor's Office, but he offers no evidence to support his claims. There is no indication that any such petition was filed, and the Court cannot toll the limitations period without more.

Petitioner also seems to argue that the limitations period should have been tolled for ninety days[1] after his appeal was dismissed, but the limitations period is not tolled during the time in which state postconviction relief may be sought. The limitations period is only tolled once such actions are filed. *See, e.g.*, *King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012) ("The time period was tolled during the pendency of King's Rule 37 petition . . . .").

There is also no reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner has failed to provide any reasons why the Court would be able to consider his claims. Accordingly, the Court finds that the Petitioner's claims are time barred.

Petitioner's claims are also procedurally barred because he failed to present them to the state courts. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and

---

[1] Petitioner would actually only have had sixty days to file his Rule 37 petition. Ark. R. Crim. Proc. 37 (c)(iii).

adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner did not present his claims to Arkansas courts through direct appeal or postconviction review, and the time for doing so has expired. Thus, his procedural default bars federal consideration of his claim unless he can 1) show cause for the defaults and actual prejudice as a result of the alleged constitutional violations or 2) demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011). It does not appear that Petitioner has offered any arguments regarding his procedural default. Even if the Court were to read a claim of ineffective assistance of counsel for collateral review into Petitioner's brief, such a claim would fail. "*Martinez* does not apply here, because Arkansas does not bar a defendant from raising claims of ineffective assistance of trial counsel on direct appeal. Arkansas law permitted [Petitioner] to raise a claim of ineffective assistance in a motion for new trial and on direct appeal." *Dansby v. Norris*, 682 F.3d 711, 729 (8th Cir. 2012). Accordingly, Petitioner's claims are procedurally barred from federal consideration.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 15th day of May, 2013.

_____
United States Magistrate Judge