IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| TONY A. HICKMAN,                           ) | |
| ADC # 090793                                      ) | |
|     Petitioner,                               )   | **Case No. 5:12-CV-00309 SWW-JTK** |
| v.                                                        ) | |
|                                                             ) | |
| RAY HOBBS, Director,                      ) | |
| Arkansas Department of Correction  ) | |
|     Respondent.                             ) | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

      The following recommended disposition has been sent to United States District Court Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Tony A. Hickman (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

**Background**

Petitioner was convicted of first-degree battery and aggravated assault on April 25, 2011, and he was sentenced to 540 months' imprisonment. His trial counsel was Jason Kordsmeier. (Pet'r's Br. 6, Doc. No. 2). He apparently obtained new counsel, Clint Miller, for his appeal. *Id.* at 15-16. Miller filed a notice of appeal on May 4, 2011, but Petitioner also filed a *pro se* petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure on the same day. No response was ever filed, and on May 27, 2012, the circuit court dismissed the Rule 37 petition as untimely because state law prohibited pursuit of postconviction relief and a

direct appeal at the same time.

Petitioner voluntarily dismissed his direct appeal on July 11, 2011. He apparently filed a copy of his first habeas petition on July 26, 2011, intending that it be filed as a second habeas petition, but the Pulaski County Circuit Court Clerk's Office construed it as a mere copy and simply placed it in his case file. Thus, there was no entry for his second petition in the electronic record. On December 9, 2011, the clerk's office received a letter from Petitioner requesting confirmation of receipt of his second Rule 37 petition, and the correspondence was returned along with a copy of the order dismissing his first petition on December 12, 2011. Another letter was received on December 22, 2011, but it was also returned. A response to a Rule 37 petition was filed September 1, 2012, roughly three months after the original Rule 37 petition was dismissed, but the Pulaski County Prosecuting Attorney's Office maintains that it only has a copy of the first state habeas petition.

On February 28, 2012, Petitioner filed a *pro se* motion to correct an illegal sentence, but it was denied as an untimely Rule 37 petition because it was filed more than six months after he dismissed his direct appeal and it raised issues that were only cognizable under Rule 37. He appealed the denial to the Arkansas Supreme Court, but the decision was affirmed. *Hickman v. State*, 2012 Ark. 359 (2012). The existence of the second Rule 37 petition in July was never mentioned in either decision or in Petitioner's briefing for those courts.

On May 31, 2013, the Court adopted the undersigned's report and recommendation finding that Petitioner's claims were barred by the statute of limitations. On October 21, 2013, the Eighth Circuit reversed and remanded that decision, finding that the record needed to be developed regarding the possible existence of the second habeas petition described above. The Eighth Circuit did not address the Court's finding that Petitioner's claims were procedurally

defaulted.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, arguing that 1) one of the witnesses gave perjured testimony; 2) he received ineffective assistance of both trial and appellate counsel; 3) there was prosecutorial misconduct and *Brady* violations, which denied him the right to a fair trial; and 4) various state agents colluded to cause attempts at postconviction relief to be untimely. (Pet'r's. Br. 10, Doc. No. 2). Petitioner also claims that the trial court abused its discretion in applying an enhancement under Arkansas's deadly weapon statute, Ark. Code § 16-90-120. (Pet. 9, Doc. No. 1). Respondent contends that Petitioner's claims are time barred and procedurally defaulted. Given the irregularities regarding Petitioner's state postconviction efforts, the Court will not address whether Petitioner's action is barred by the statute of limitations.

### I. Procedural Default of Non-Ineffective Assistance Claims

Apparently acting under the belief that a direct appeal was futile (Pet'r's Reply 4, Doc. No. 10), Petitioner instructed his appellate counsel to voluntarily dismiss his direct appeal so that he could pursue postconviction relief pursuant to Rule 37. (Pet'r's Br. 13, 16, Doc. No. 2; Pet'r's Br. Exs. 5, 7, Doc. No. 2). Petitioner forfeited his ability under Arkansas law to raise claims regarding prosecutorial misconduct, *Brady* violations, alleged perjury, speedy trial,[1] and imposition of the deadly weapon enhancement statute when he chose to abandon the direct appeal. *See, e.g.*, *Meek v. State*, 2013 Ark. 314, *3-4 (2013) ("[A]llegations of prosecutorial misconduct and a speedy-trial violation are claims of trial error and are not cognizable in a Rule

---

[1] The Court has not located anywhere where Petitioner has actually raised a speedy trial claim in his federal habeas petition, but Respondent has responded as if he had, so the Court will address this claim in an abundance of caution.

37.1 petition.") (citing *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1, 6-7 (2012)); *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38, 49 (2012) ("[A] *Brady* claim is not cognizable under Rule 37."); *Hagar v. State*, 341 Ark. 633, 635-38, 19 S.W.3d 16, 18-20 (2000) (addressing claim of error in the imposition of the deadly-weapon-enhancement statute on direct appeal); *Nooner v. State*, 339 Ark. 253, 256, 4 S.W.3d 497, 498-99 (1999) ("Rule 37 . . . does not provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. Even constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings.").

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner's claims are procedurally barred because he failed to properly present them to the state courts, and the time for doing so has expired. Thus, his procedural default bars federal consideration of his claim unless he can 1) show cause for the defaults and actual prejudice as a result of the alleged constitutional violations or 2) demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

Petitioner has not offered any arguments that address his procedural default. His arguments that state agents colluded to prevent him from getting relief primarily concern the clerk's error regarding his second Rule 37 petition. However, the clerk's error is not what caused his claims to be procedurally defaulted. It was Petitioner's decision to abandon his direct appeal that caused the default.

Petitioner's arguments regarding state collusion to prevent him from obtaining postconviction relief are not grounds for overturning his sentence. These arguments would potentially warrant tolling of the statute of limitations, but they are not independent grounds for relief. Although Petitioner argues that his appellate counsel was one of the state agents that was colluding against him, he has failed to establish cause for excusing his default. Petitioner repeatedly admits that he made the decision to abandon his appeal, and he has provided a letter he sent to his appellate counsel, Clint Miller, expressing his wish to withdraw his direct appeal. (Pet'r's Br. Ex. 7, Doc. No. 2).

Petitioner has also failed to show how he was prejudiced by the default. His arguments are entirely conclusory and fail to explain why his claims would have succeeded. For instance, Petitioner claims that the prosecution withheld exculpatory evidence, but he fails to indicate what that evidence was. Rule 2(c)(2) of the Rules Governing Section 2254 Cases requires that

petitions "state the facts supporting each ground" for relief. "[T]he habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims." *McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in part and dissenting in part). Rule 4 of the Rules Governing Section 2254 Cases requires that courts dismiss petitions when it is plainly apparent that the petitioner is not entitled to relief, and courts routinely dismiss claims that are merely conclusory and speculative. *See, e.g.*, *McDonald v. Bowersox*, 101 F.3d 588, 596 n.7 (8th Cir. 1996) ("On their face, [petitioner's] bare assertions have failed to state a cognizable . . . claim entitling him to habeas relief."); Advisory Committee Notes, Habeas Rule 5(c) ("'Notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'") (quoting *Aubut v. State of Main*, 431 F.3d 688, 689 (1st Cir. 1970)).

The Court also notes that Petitioner's claims regarding the deadly weapon enhancement, improper dismissal of his motions, and speedy trial violations fail to raise any cognizable constitutional issues. "Generally, a claim that a state has violated its own speedy trial rules presents a question of state law for determination by state courts." *Wallace v. Lockhart*, 701 F.2d 719, 729 (8th Cir. 1983) (citing *Powers v. White*, 680 F.2d 51, 52 (8th Cir. 1982)). "Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Accordingly, all of Petitioner's claims, other than that of ineffective assistance of counsel, are dismissed.

## II.   Ineffective Assistance of Counsel

Unlike Petitioner's previous claims, his lack of postconviction counsel establishes cause for the default of his claim of ineffective assistance of counsel. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013) *reh'g denied*, Case No. 02-3103, 2014 WL 764171 (8th Cir. Feb. 26, 2014). However, Petitioner must also demonstrate actual prejudice before the Court can entertain his defaulted claim, and he has failed to do so.

Petitioner argues that his trial counsel failed to develop the record, challenge the prosecution's case, and present his affirmative defenses. (Pet'r's Pet. at 7, Doc. No. 1). He offers no details or explanations of these conclusions, and this is insufficient to establish prejudice. He does not even specify which objections should have been made or what affirmative defenses should have been argued. The Court has thoroughly reviewed the record and transcript of his proceedings, and there is no indication that his counsel was ineffective. Petitioner's trial counsel vigorously objected on many occasions, and it is unclear what else he could have done, particularly because Petitioner has not given the Court any guidance on the issue.

Even if Petitioner had shown prejudice to excuse to his procedural default, Petitioner would have to show both that 1) his counsel provided deficient assistance and 2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, he must have demonstrated that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This means showing "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Courts must apply a "strong presumption" that counsel's

representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. With respect to prejudice, Petitioner must have demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Such claims are doubly difficult to succeed upon in the habeas context because courts must "take a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

The only specific complaint that Petitioner has mentioned regarding his trial counsel's performance has to do with the allegedly perjured testimony offered by Penetra Hill. However, Petitioner does not explain how her testimony was false or why his attorney should have been aware of any perjury on her part. Her testimony at trial was identical to what she told police officers during her interview, and it was consistent with the statements and testimony given by the other witnesses. There is simply no merit to Petitioner's ineffectiveness assistance of trial counsel claims.

Petitioner's primary argument regarding the ineffectiveness of his appellate counsel, Clint Miller, is that Miller failed to dismiss his notice of appeal in a timely manner, thus causing his first Rule 37 petition to be dismissed.[2] (Pet'r's Br. at 17-18, Doc. No. 1). As discussed above, Petitioner chose to dismiss his direct appeal, and that is what caused the procedural default of his claims. He would not have been able to make the majority of his claims under a

---

[2] Arkansas does not allow an action for postconviction relief under Rule 37 to proceed while a direct appeal is still active.

9

Rule 37 petition, so it is unclear how he was prejudiced by anything his appellate counsel did. Miller correctly informed Petitioner that simultaneous pursuit of direct and collateral review was impossible, and Miller followed his client's instructions by filing a motion to dismiss the direct appeal. There is no merit to any claim that Miller provided ineffective assistance.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 3rd day of April, 2014.

_____
United States Magistrate Judge